**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

**DOMINICA KNEISLER,** an individual,

Plaintiff,

v.

**LEGACY HEALTH,** a corporation,

Defendant.

Case No. 3:24-cv-01011-IM

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**

Paul Robert Armstrong Janzen and Caroline Janzen, Rugged Law, Inc., 4550 SW Hall Boulevard, Beaverton, OR 97005. Attorneys for Plaintiff.

Brenda K. Baumgart and Megan S. Bradford, Stoel Rives LLP, 760 SW Ninth Avenue, Suite 3000, Portland, OR 97205. Attorneys for Defendants.

**IMMERGUT, District Judge.**

Plaintiff Dominica Kneisler brings claims against Defendant Legacy Health for failure to accommodate under Title VII and Oregon law. Defendant filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), ECF 9, arguing that Plaintiff fails to state a claim under either statute and that the Oregon law claim should be dismissed as time-barred. For the reasons below, this Court concludes that Plaintiff sufficiently states a failure-to-accommodate

claim, but failed to bring her Oregon law claim within the applicable statute of limitations. This Court therefore grants in part and denies in part the Motion to Dismiss.

**LEGAL STANDARDS**

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to state a "claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, (2007). That means the "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If a plaintiff cannot "nudge the claim across the line from conceivable to plausible, the complaint must be dismissed." *Twombly*, 550 U.S. at 570 (cleaned up). At this stage, the court must accept as true all factual allegations, *Dowers v. Nationstar Mortg., LLC*, 852 F.3d 964, 969 (9th Cir. 2017), draw all reasonable inferences in favor of the non-moving party, *id.*, and take care to "examine the allegations of the complaint as a whole," *Khachatryan v. Blinken*, 4 F.4th 841, 854 (9th Cir. 2021). A "judge's disbelief of a complaint's factual allegations" is not grounds for dismissal on a motion to dismiss. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

**BACKGROUND**

For purposes of the Motion to Dismiss, this Court takes the allegations of the complaint, summarized here, as true. Plaintiff was employed by Defendant for eleven years as a Laboratory Client Services Representative. Complaint ("Compl."), ECF 1 ¶ 16. Plaintiff states she worked evening shifts from a cubicle, which involved little contact with coworkers and none with patients. *Id.*

In the summer of 2021, Defendant imposed a COVID-19 vaccine mandate on its employees. *Id.* ¶ 7. Plaintiff Kneisler is a devout Christian, *id.* ¶ 17, whose religious convictions prevented her from taking the vaccine. *Id.* ¶¶ 8, 17. Plaintiff accordingly applied for a religious exception to the vaccine mandate. *Id.* ¶ 17. Her exemption request explained that she is a Christian who believes that she is a divine being created in the image and likeness of God. *Id.* She further explained that she believes that her body is a sacred vessel with the innate ability to heal itself, and that she takes no substance into her body that alters or inhibits her immune system. *Id.* Plaintiff also stated that she believes the vaccine to be the "mark of the beast," as foretold by Revelations. *Id.* For the previous five years, Plaintiff had been granted a religious exception to the flu vaccine. *Id.*

Defendant denied Plaintiff's request, placed her on administrative leave on October 4, 2021, and terminated her employment on October 19, 2021. *Id.*

Plaintiff filed a religious discrimination complaint with the Oregon Bureau of Labor and Industries ("BOLI") on August 15, 2022, which she requested be cross-filed with the EEOC. ECF 10-1, Ex. 1. Plaintiff was mailed a right-to-sue letter from BOLI on May 19, 2023. *Id.* Ex. 2. She was mailed a right-to-sue letter from the EEOC on March 26, 2024. *Id.* Ex. 3. She filed the present action on June 24, 2024. Compl., ECF 1.

**DISCUSSION**

Plaintiff alleges that Defendant wrongfully terminated her employment after failing to make a good-faith effort to accommodate her sincere religious beliefs. *Id.* ¶ 22–23. She brings claims for employment discrimination under both Title VII of the Civil Rights Act of 1964 and O.R.S. 659A.030. *Id.* ¶ 19–31. Defendant moves to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff has failed to allege sufficient facts to state

a failure-to-accommodate claim.[1] Motion to Dismiss ("Mot."), ECF 9 at 5–10. Defendant also contends that Plaintiff's state law claim is barred by the statute of limitations. *Id.* at 21–22. This Court concludes that Plaintiff has alleged sufficient facts to state a claim for employment discrimination, but her claim under O.R.S. 659A.030 is time-barred.

**A. Failure to State a Claim**

To make out a prima facie case of religious discrimination,[2] Plaintiff must demonstrate that (1) she had a sincere religious belief that conflicted with Defendant's vaccine mandate, (2) she informed Defendant of the belief and conflict, and (3) she was discharged because of her failure to comply with Defendant's vaccine mandate. *See Berry v. Dep't of Soc. Servs.*, 447 F.3d 642, 655 (9th Cir. 2006) (citation omitted). Defendant contends that Plaintiff has failed to establish either of the first two elements. Mot., ECF 10 at 5–10.

Defendant first argues that Plaintiff's beliefs are not "religious in nature," but rather "medical or scientific" or reflecting "generalized fears or anxieties." Mot., ECF 10 at 8. Defendant also argues that, even if religious, these beliefs do not conflict with Defendant's

[1] Plaintiff's counsel agreed to withdraw all claims that were the subject of Defendant's Motion to Dismiss other than the failure-to-accommodate claims. Plaintiff's Response in Opposition to the Motion to Dismiss ("Resp."), ECF 16 at 1; Defendant's Reply, ECF 17 at 2 n.1. This Opinion therefore only addresses those claims.

[2] Both parties assume that Plaintiff must plead all the elements of a prima facie case of religious discrimination to survive a motion to dismiss, *see* Mot., ECF 10 at 5; Resp., ECF 16 at 3, and this Court will likewise look to these elements to assess the sufficiency of Plaintiff's Complaint. *But see Austin v. Univ. of Or.*, 925 F.3d 1133, 1136–37 (9th Cir. 2019) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002)) (holding that a plaintiff need not necessarily establish a prima facie case of discrimination to survive a motion to dismiss because the prima facie case is an evidentiary standard, not a pleading requirement); *Savel v. MetroHealth Sys.*, 96 F.4th 932, 943 (6th Cir. 2024) (holding the same in a vaccination case).

vaccine mandate. *Id.* This Court concludes that Plaintiff has satisfied her minimal pleading burden on both issues.

**1. Sincere religious belief**

First, this Court concludes that Plaintiff's objection is clearly religious in nature. An "assertion of a sincere religious belief is generally accepted." *Keene v. City & Cnty. of S.F.*, No. 22-16567, 2023 WL 3451687, at *2 (9th Cir. May 15, 2023). "It is not within the judicial ken to question the centrality of particular beliefs or practices to a faith, or the validity of particular litigants' interpretations of those creeds." *Hernandez v. Comm'r of Internal Revenue*, 490 U.S. 680, 699 (1989). The Supreme Court has warned, "[r]epeatedly and in many different contexts," that "courts must not presume to determine the place of a particular belief in a religion or the plausibility of a religious claim." *Employment Div. v. Smith*, 494 U.S. 872, 887 (1990).

Plaintiff grounds her objection to the vaccine mandate in her belief that "she is a divine being created in the image and likeness of God" and her "body is a sacred vessel" in which she can take "no substance . . . which alters or inhibits her miraculous immune system that was created by God." Compl., ECF 1 ¶ 17. She further pleads that she believes the vaccine to be the mark of the beast described in Revelations. *Id.* Such views cannot reasonably be understood as secular and are "almost self-evidently enough to establish" a religious objection. *Lucky v. Landmark Med. of Mich., P.C.*, 103 F.4th 1241, 1243 (6th Cir. 2024); *see, e.g.*, *Kather v. Asante Health Sys.*, No. 1:22-cv-01842-MC, 2023 WL 4865533, at *4 (D. Or. July 28, 2023) (holding that plaintiff adequately alleged a religious belief by stating that receiving a vaccine would conflict with his "sincerely held religious belief not to interfere with the function of the human immune system which God created"); *Callahan v. Woods*, 658 F.2d 679, 685–86 (9th Cir. 1981) (concluding that a belief that Social Security numbers are the "mark of the beast," which was

"derived from the New Testament's Book of Revelation," "clearly addresse[d] spiritual, not merely worldly, concerns").

Defendant points to other cases in which this Court and others in this district have concluded that a plaintiff's objections were not religious. But those cases largely turned not on the religiosity of the plaintiff's objection, but on the fact that the plaintiff failed to establish any conflict between their general or overarching religious beliefs and their specific objections to the vaccine. Defendant cites *Craven v. Shriners Hospitals for Children*, No. 3:22-cv-01619-IM, 2024 WL 21557 (D. Or. Jan. 2, 2024). This Court made clear that it was not "question[ing] the sincerity of Plaintiff's belief that his 'body is a temple of the Holy Spirit.'" *Craven*, 2024 WL 21557, at *4. That claim failed because the plaintiff drew no connection between that sincere religious belief and his opposition to the vaccine. *See id.* (describing the beliefs as "independent of one another"). In *Prakash v. Oregon Health & Science University*, this Court likewise did not "question the sincerity of Plaintiff's religious beliefs" or that they were religious; that claim also failed because plaintiff failed to make any statement as to how her beliefs conflicted with receiving a COVID-19 vaccine. No. 3:23-cv-01653-IM, 2024 WL 3494981, at *3 (D. Or. July 22, 2024). And in *Stephens v. Legacy-GoHealth Urgent Care*, the plaintiff stated that she did not believe the vaccine was consistent with her faith, but provided no other details. No. 3:23-cv-00206-SB, at *6 (D. Or. Oct. 23, 2023), *report & recommendation adopted as clarified sub nom. Stephens v. Legacy Health*, 2023 WL 7623865 (D. Or. Nov. 14, 2023).[3] This Court views

[3] Defendant cites two additional cases, but neither is exactly on point. In *Ruscitti v. Legacy Health*, No. 3:23-cv-00787-JR, 2024 WL 2092949 (D. Or. Mar. 18, 2024), *report & recommendation adopted*, 2024 WL 2078399 (D. Or. May 8, 2024), the court concluded that Plaintiff's objection that the vaccine would "taint[] the purity of her body" was not religious. *Id.* at *3. Plaintiff's Complaint in this case grounds her religious objection in her beliefs that she may not consume any "substance . . . which alters or inhibits her miraculous immune system that was created by God" and that the vaccine is the mark of the beast, ECF 1, ¶ 17, which are more

the requests in *Craven* and *Prakash* as presenting examples of exemption requests based "entirely in safety considerations with no plain and express *connection* to religion," which other courts have similarly indicated is insufficient to survive a motion to dismiss. *Passarella v. Aspirus, Inc.*, 108 F.4th 1005, 1011 (7th Cir. 2024) (emphasis added) (denying motion to dismiss because the claim was not based entirely on safety considerations). Plaintiff Kneisler, by contrast, makes allegations that can be read as "plausibly based in part on an aspect of [her] religious belief or practice," which is sufficient to survive a motion to dismiss. *Id.* In sum, Plaintiff states a sincere religious belief.

**2. Conflicting religious belief**

Second, this Court concludes that Plaintiff pleads a conflict between her sincere religious belief and the vaccination mandate. Title VII "requires employers to accommodate the religious practice of their employees." *Groff v. DeJoy*, 143 S. Ct. 2279, 2286 (2023). Title VII defines religion expansively, including "all aspects of religious observance and practice, as well as belief." 42 U.S.C. § 2000e(j). Plaintiff pleads that she believes her body is a sacred vessel with the innate ability to heal itself, that she takes no substance into her body which alters or inhibits her miraculous immune system that was created by God, and that the vaccine is the mark of the

---

clearly religious views than the plaintiff's vague references to "bodily integrity" and "purity" in *Ruscitti*.

Defendant also cites *Coates v. Legacy Health*, No. 3:23-CV-00931-JR, 2024 WL 1181827 (D. Or. Jan. 8, 2024), *report & recommendation adopted*, 2024 WL 1177124 (D. Or. Mar. 19, 2024), for the proposition that a plaintiff did not state a religious conflict by alleging that she believes God gave her body sufficient tools to protect itself. Mot., ECF 9 at 7. But *Coates* reached that conclusion in part because the plaintiffs in that case (1) took other vaccinations and (2) did not cite "the Bible or any other conflicting religious tenet or teaching." *Coates*, 2024 WL 1181827, at *5–6. Setting aside whether that was appropriate, *see Hernandez*, 490 U.S. at 699, Plaintiff has pled that her beliefs led her to oppose other vaccines and cited the Bible, Compl., ECF 1 ¶ 17, both of which distinguish this case from *Coates*.

beast as foretold by Revelations. Compl., ECF 1 ¶ 17. Plaintiff connects her objection to the vaccination to her religious principles, which is sufficient at this stage to show that her opposition to the vaccine was an "aspect" of her religious observance or belief. Viewing Plaintiff's religious exemption request in the light most favorable to her and drawing all inferences in her favor, this Court concludes that Plaintiff has met her burden.

Defendant argues that Plaintiff has failed to allege "that the COVID-19 vaccines would somehow 'alter[] or inhibit[] her miraculous immune system.'" Mot., ECF 9 at 9. Plaintiff need not allege such facts because they are obvious. This Court can take judicial notice of the well-known principle that vaccines work by "altering" the immune system by provoking an immune response, which allows the immune system to respond more quickly and effectively if the pathogen is encountered in the future than it could without vaccination. *See* Centers for Disease Control and Prevention, *Epidemiology and Prevention of Vaccine-Preventable Diseases* 3 (Elisha Hall et al. eds., 14th ed. 2021), https://perma.cc/KNY2-HAQS.[4] Plaintiff could reasonably expect Defendant, a hospital system, to be familiar with these medical concepts.

Defendant also faults Plaintiff for failing to identify how a belief that the vaccine was the mark of the beast "conflicted with receiving a COVID-19 vaccine." Mot., ECF 9 at 9. Defendant attempts to contrast this case with *Quinn v. Legacy Health* because the plaintiff in that case, "[u]nlike Plaintiff here . . . alleged that the Mark of the Beast refers to a concept from the Christian Bible." No. 3:23-cv-00331-JR, 2024 WL 620344, at *2 (D. Or. Feb. 13, 2024). But Plaintiff's Complaint states that she believes the vaccine to be the mark of the beast as "foretold by Revelations." Compl., ECF 1 ¶ 17. Revelation is a book of the Bible, making this case

[4] This Court may take judicial notice of basic scientific principles that are not subject to reasonable dispute. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 592 n.11 (1993).

indistinguishable from *Quinn*. In any event, Revelation makes quite clear that receiving the mark of the beast is not good. *See* Revelation 14:9-10 (explaining how those who "receive [the beast's] mark. . . shall be tormented with fire and brimstone"). This conflict, again, is clear. Plaintiff need not explain in detail what Revelation says or that being "tormented with fire and brimstone" is generally undesirable to successfully plead a conflict.

This Court's prior cases are again not to the contrary. In *Craven*, the plaintiff stated that vaccine "ingredients can cause serious harm," but did not draw a connection between that view and his belief that his "body is a temple of the Holy Spirit." 2024 WL 21557, at *4 (D. Or. Jan. 2, 2024). In *Prakash*, the plaintiff likewise did not provide "any explanation as to why a COVID-19 vaccine would be in conflict" with her religious beliefs. 2024 WL 3494981, at *3. And in *Niemeyer v. NW Permanente*, the plaintiff stated she had "serious objections to taking the vaccine," but did not clearly connect those objections to her faith. No. 3:23-cv-00815-IM, 2024 WL 1999734, at *2 (D. Or. May 6, 2024); *see also Bulek v. Kaiser Found. Hosps.*, No. 3:23-cv-01585-MO, 2024 WL 1436134, at *3 (D. Or. Apr. 3, 2024) (granting motion to dismiss where plaintiff did not allege any conflict). By contrast, Plaintiff here alleges a clear conflict between several of her religious beliefs and the vaccine. This Court therefore concludes that Plaintiff has stated a failure-to-accommodate claim under Title VII and denies the motion to dismiss on that issue.

**B. Statute of Limitations**

Separately, Defendant argues that Plaintiff's failure-to-accommodate claim is untimely under state law. Mot., ECF 10 at 21. This Court agrees and concludes that Plaintiff's claim under O.R.S. 659A.030 is time-barred. This Court has held in several similar cases that, when a plaintiff files a complaint with BOLI, the statute of limitations for claims brought under O.R.S.

659A.030 is 90 days following the mailing of the right-to-sue letter.[5] O.R.S. 659A.875(2). Plaintiff filed a complaint with BOLI. Bradford Decl., ECF 10, Ex. 1. BOLI mailed its right to sue letter on May 19, 2023.[6] *Id.* Ex. 2. Plaintiff therefore had 90 days—until August 17, 2023—to file suit under O.R.S. 659A.030. Plaintiff filed suit on June 24, 2024. This action is therefore time-barred, and Plaintiff offers no justification for equitably tolling the limitations period.

This Court grants Defendant's motion to dismiss Plaintiff's state law claim as untimely. No amendment would remedy this defect, *see Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008), so this dismissal is without leave to amend.

**CONCLUSION**

Defendant's Motion to Dismiss, ECF 9, is GRANTED IN PART and DENIED IN PART. Plaintiff's claim under O.R.S. 659A.030 is DISMISSED without leave to amend. Defendant is advised that in accordance with Federal Rule of Civil Procedure 12(a)(4)(A), it has fourteen (14) days to file a responsive pleading to Plaintiff's remaining claim.

**IT IS SO ORDERED.**

---

[5] *See Starks v. Legacy Health*, No. 3:24-cv-01094-IM, slip op. at 5–6 (D. Or. Dec. 5, 2024); *Mikityuk v. Legacy Health*, No. 3:24-cv-01072-IM, slip op. at 5–6 (D. Or. Dec. 2, 2024); *Miller v. Legacy Health*, No. 3:24-cv-01073-IM, slip op. at 5–6 (D. Or. Nov. 26, 2024); *Bowerman v. St. Charles Health Sys*., Inc., No. 6:23-cv-01488-MC, 2024 WL 3276131, at *8 (D. Or. July 1, 2024); *Riser v. St. Charles Health Sys*., Inc., No. 6:23-cv-01720-AA, 2024 WL 2864405, at *2–3 (D. Or. June 6, 2024); *Craven v. Shriners Hosps. for Child*., No. 3:22-cv-01619-IM, 2023 WL 5237698, at *4 (D. Or. Aug. 15, 2023); *see also Leland v. Supervalu Wholesale Ops., Inc.*, No. 3:19-cv-02076-IM, slip op. at 10 (D. Or. Apr. 15, 2020).

[6] Plaintiff's Complaint states that she received a 90-day letter on March 26, 2024. Compl., ECF 1 ¶ 2. This appears to refer to the 90-day letter from the federal Equal Employment Opportunity Commission. *See* Bradford Decl., ECF 10 ¶ 2, Ex. 3. A plaintiff's claim under O.R.S. 659A is time-barred "when filed more than 90 days after the mailing of the BOLI letter," even if filed "less than 90 days after receiving an EEOC letter." *Sharer v. Oregon*, 481 F. Supp. 2d 1156, 1164 (D. Or. 2007).

DATED this 20th day of December, 2024.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge

PAGE 11 – OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS